# EXHIBIT B

**RETURN DATE: DECEMBER 12, 2023**   **SUPERIOR COURT**

**SHERI SPEER**   **J.D. OF NEW LONDON**

**vs**   **AT NEW LONDON**

**TRANS UNION, LLC,**
**FAY SERVICING, LLC,**
**RUSHMORE LOAN MANAGEMENT SERVICES LLC**
**RUSHMORE SERVICING**   **OCTOBER 17, 2023**

## COMPLAINT

### COUNT ONE: FAIR CREDIT REPORTING ACT AS TO DEFENDANT TRANS UNION, LLC

1. Defendant Trans Union is a "consumer reporting agency," as codified at 15 USC §1681a(e), and subject to the Fair Credit Reporting Act ("FCRA").

2. Plaintiff notified Defendant Trans Union directly of a dispute as to the Plaintiff's mortgage on 50 Sunnyside Avenue in Norwich, Connecticut, as reported at various times during May, June, July, August, September and October of 2023.

3. Defendant Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

4. Plaintiff alleges that at all relevant times Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Craig's credit reports, concerning the account in question, violating 15 USC § 1681e(b).

5. Plaintiff alleges that Defendant Trans Union failed to conduct a proper and lawful reinvestigation. For example, Defendant Trans Union was given notice

that (1) the mortgage was reported multiple times instead of as one entry, giving the impression that the Plaintiff had defauled twice on the same loan; (2) charges and amounts of the loan were incorrect, including but not limited to false charges for Home Owners Association and Condo Fees (even though the home was in or subject to neither); (3) the Plaintiff prevailed in a prior action against the lender in a matter it brough to Superior Court to foreclose; (4) the debt was cancelled and a 1099 was issued; (5) neither the lender or the Defendant servicers ever held the Note or owned any interest in it, and by extension, never had a right to accelerate the debt or foreclose. Defendant Trans Union failed to adequately investigate these claims, failed to remove the false and misleading information and failed to insert any adequate description of the dispute in the Plaintiff's credit file; (6) the same loan was associated with multiple account and MERS MIN numbers, including an inactive MIN whose status reflected that it was no longer an active loan; and (7) reports filed and maintained Defendants Fay Servicing, LLC ("Fay"), Rushmore Loan Management Services, LLC ("RLMS") and Rushmore Servicing ("RS") by Defendants such that it reports as multiple outstanding loans instead of the one loan that it is. ("Erroneous and False Information", or "EFI")

6. All actions taken by the Defendant Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or

should have known that its actions were in reckless disregard of the FCRA and state law.

7. Plaintiff has made multiple demands to the Defendant to correct the EFI, remove it from her Credit file or at least accurately document the dispute, which the Defendant has repeatedly refused to do throughout 2023.

8. Accordingly, the Defendant wilfully failed to comply with FCRA requirements in violation of 15 USC §1681n because it refused to follow the proceedures prescribed in 15 USC §1681i. In the alternative, the Defendant negligently failed to comply with FCRA requirements in violation of 15 USC §1681o, and accordingly, did fully or adequately not attend to the proceedures prescribed in 15 USC §1681i.

9. As a result, the Plaintiff's credit and credit worthiness were damaged.

10. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

**COUNT TWO: FAIR DEBT COLLECTIONS PRACTICES ACT, AS TO DEFENDANT FAY**

1. Plaintiff notified Defendant directly of a dispute as to the Plaintiff's mortgage on 50 Sunnyside Avenue in Norwich, Connecticut, as reported at various times during May, June, July, August, September and October of 2023 as to the 50 Sunnyside Avenue mortgage, which it claimed rights of a servicer and for which it furnished to Defendant Trans Union, LLC the offending EFI described in Count One, ¶5.

2. 50 Sunnyside Avenue is the home of the Plaintiff's mother, and the

associated debt is for consumer and household purposes, and therefore covered by FDCPA.

3. Fay never provided the validation requested pursuant to 15 USC §1692g.

4. Fay, instead of validating, continued efforts to collect, and continued falsely reporting the debt and continued making false statements as to the character, amount and status of the debt in contravention to 15 USC §1692e.

5. Fay, in response to the demand for validation and the demand that it cease reporting erroneous information, purposefully misconstructed the dispute as a report of identity theft, and demanded a police report in order to take action, which constituted a violation of 15 USC §1692e.

## COUNT THREE: FAIR DEBT COLLECTIONS PRACTICES ACT, AS TO DEFENDANT RLMS

1. Plaintiff notified Defendant directly of a dispute as to the Plaintiff's mortgage on 50 Sunnyside Avenue in Norwich, Connecticut, as reported at various times during May, June, July, August, September and October of 2023 as to the 50 Sunnyside Avenue mortgage, which it claimed rights of a servicer and for which it furnished to Defendant Trans Union, LLC the offending EFI described in Count One, ¶5.

2. 50 Sunnyside Avenue is the home of the Plaintiff's mother, and the

associated debt is for consumer and household purposes, and therefore covered by FDCPA.

3. The Defendant, at various times in 2022, also issued statements claiming the condo association and home owner association fees were due and paid, even though the property was subject to neither, and each individual statement issued by the Defendant to that effect with that false information constituted a seperate and distinct violation of 15 USC §1692e.

4. The Defendant further issued false and inaccurate statements claiming that it conducted property maintenence and home inspections, though neither had occured, and each statement claiming these items was its own distinct and seperate violation of 15 USC §1692e.

## COUNT FOUR, REAL ESTATE SETTLEMENT PROCEDURES ACT, AS TO DEFENDANT RLMS

1. Plaintiff notified Defendant directly of a dispute as to the Plaintiff's mortgage on 50 Sunnyside Avenue in Norwich, Connecticut, as reported at various times during May, June, July, August, September and October of 2023 as to the 50 Sunnyside Avenue mortgage, which it claimed rights of a servicer and for which it furnished to Defendant Trans Union, LLC the offending EFI described in Count One, ¶5.

2. 50 Sunnyside Avenue is the home of the Plaintiff's mother, and the

associated debt is for consumer and household purposes, and therefore covered by RESPA

3. The Defendant, at various times in 2022, also issued statements claiming the condo association and home owner association fees were due and paid, even though the property was subject to neither, and each individual statement issued by the Defendant to that effect with that false information, which was demanded to be corrected.

4. Additionally, and for the purposes of these disputes, each of the Plaintiff's communications constituted a Qualified Written Request for the purposes of RESPA (12 USC §2605(e)(1)), also seeking to ascertain who the actual owner and Holder of the Note was, to which the Defendant refused to directly answer and perform its duties under 12 USC §2605(e)(2)

5. During the sixty day period after each of the Qualified Written Requests made between May and October of 2023, the Defendant continued, in violation of 12 USC §2605(e)(3), to issue false statements and reports to Defendant Trans Union that the debt was correct (including the false HOA and CONDO charges and with no notation of the offending EFI).


**COUNT FIVE: FAIR DEBT COLLECTIONS PRACTICES ACT, AS TO DEFENDANT RS**

1. Plaintiff notified Defendant directly of a dispute as to the Plaintiff's mortgage on 50 Sunnyside Avenue in Norwich, Connecticut, as reported at various times during May, June, July, August, September and October of 2023 as to the 50 Sunnyside Avenue mortgage, which it claimed rights of a servicer and for which it furnished to Defendant Trans Union, LLC the offending EFI described in Count One, ¶5.

2. 50 Sunnyside Avenue is the home of the Plaintiff's mother, and the associated debt is for consumer and household purposes, and therefore covered by FDCPA.

3. The Defendant's predecessor, RLMS, at various times in 2022, also issued statements claiming the condo association and home owner association fees in addition to home inspection and maintenence charges were due and paid, even though the property was subject to neither, and each individual statement issued by the Defendant to that effect with that false information constituted a seperate and distinct violation of 15 USC §1692e. The Defendant continued carrying these claims forward and reiterating the same, and therefore, it incurred civil liability under FDCPA with each successive false statement it issued.

4. Although it purported to have issued "validation of debt" on or about 9-13-2023, there was no accounting to correct the false charges.

**COUNT SIX, REAL ESTATE SETTLEMENT PROCEDURES ACT, AS TO**

**DEFENDANT RS**

1. Plaintiff notified Defendant directly of a dispute as to the Plaintiff's
mortgage on 50 Sunnyside Avenue in Norwich, Connecticut, as
reported at various times during May, June, July, August, September
and October of 2023 as to the 50 Sunnyside Avenue mortgage, which it
claimed rights of a servicer and for which it furnished to Defendant
Trans Union, LLC the offending EFI described in Count One, ¶5.

2. 50 Sunnyside Avenue is the home of the Plaintiff's mother, and the
associated debt is for consumer and household purposes, and therefore
covered by RESPA

3. The Defendant, at various times in 2022, also issued statements
claiming the condo association and home owner association fees were
due and paid, even though the property was subject to neither, and
each individual statement issued by the Defendant to that effect with
that false information, which was demanded to be corrected.

4. Additionally, and for the purposes of these disputes, each of the
Plaintiff's communications constituted a Qualified Written Request for
the purposes of RESPA (12 USC §2605(e)(1)), also seeking to
ascertain who the actual owner and Holder of the Note was, to which
the Defendant refused to directly answer and perform its duties under
12 USC §2605(e)(2)

5. During the sixty day period after each of the Qualified Written Requests made between May and October of 2023, the Defendant continued, in violation of 12 USC §2605(e)(3), to issue false statements and reports to Defendant Trans Union that the debt was correct (including the false HOA and CONDO charges and with no notation of the offending EFI).

## COUNT SEVEN, UNFAIR TRADE PRACTICES ACT, AS TO ALL DEFENDANTS (CGS §42-110g)

1. Defendant Trans Union, as complained of in Count One, violated the public policy elucidated in the Fair Credit Reporting Act.

2. Defendant Fay, as complained of in Count Two, violated the public policy elucideated in the Fair Debt Collections Practices Act.

3. Defendant RLMS, as Complained of Count Counts Three and Four, violated the public policies elucidated in the Fair Debt Collections Practices Act as well as the Real Estate Settlement Procedures Act.

4. Defendant RS, as Complained of Count Counts Three and Four, violated the public policies elucidated in the Fair Debt Collections Practices Act as well as the Real Estate Settlement Procedures Act.

5. The acts of the Defendants were immoral, oppressive, unscrupulous, harmful to consumers and not justified by any countervailing benefits to consumers or other business persons.

6.  The acts of the Defendants were in the ordinary course of trade and

business, and were unfair and deceptive.

7.  A copy of this complaint will be transmitted to the Attorney General.

WHEREFORE, the Plaintiff claims:

A. Damages
B. Damages under 15 USC §1681n and §1681o
C. Damages under 15 USC §1692k
D. Damages under 12 USC §2605(f)
E. Damages under CGS §42-110g
F. An order correcting the offensive credit information and its removal from all credit reporting
G. Other relief the Court deems appropriate

THE PLAINTIFF,

Sheri Speer
151 Talman Street
Norwich, CT 06360



**RETURN DATE: DECEMBER 12, 2023**                 **SUPERIOR COURT**

**SHERI SPEER**                                    **J.D. OF NEW LONDON**

**vs**                                             **AT NEW LONDON**

**TRANS UNION, LLC,**
**FAY SERVICING, LLC,**
**RUSHMORE LOAN MANAGEMENT SERVICES LLC**
**RUSHMORE SERVICING**                             **OCTOBER 17, 2023**

### PROPOSED STATEMENT OF AMOUNT IN DEMAND

The Plaintiff seeks damages in excess of $15,000.

THE PLAINTIFF,

Sheri Speer
151 Talman Street
Norwich, CT 06360

A TRUE COPY
ATTEST

MICHAEL D. LORENZO
CONNECTICUT STATE MARSHAL